UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY LEE HUGHES,<br><br>    Petitioner,<br><br>    v.<br><br>JEFFREY BEARD, Warden,<br><br>    Respondent.<br>_____/ | No. C-14-1302 EMC (pr)<br><br>**ORDER TO SHOW CAUSE** |

## I.   INTRODUCTION

Petitioner, an inmate at the California State Prison - Solano, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## II.   BACKGROUND

The petition and attachments provide the following information. Pursuant to a plea agreement, Petitioner pled no contest in Alameda County Superior Court to robbery and admitted that (a) he had previously served a prison term and (b) he committed the robbery while he was on bail in another case. He was convicted on February 1, 2012. On March 6, 2012, he was sentenced to an aggregate term of six years in prison – three years for the robbery conviction, one year for the prison prior enhancement, and apparently two years for the bail violation enhancement.

Petitioner alleges that in March or April 2013, he learned that the offense in Solano County for which he was on bail at the time of the Alameda County robbery was dismissed on October 2,

2012. The gist of his argument here is that the bail violation enhancement in the Alameda County Superior Court action must be stricken because of the dismissal of the charge that supported the bail violation enhancement allegation. Petitioner alleges that he presented his claim to the California Supreme Court in *In re Bobby Lee Hughes*, Cal. S. Ct. No. S214778, and that court denied his petition for writ of habeas corpus on February 11, 2014. He then filed this action.

### III.  DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

The petition alleges a single claim for a violation of petitioner's federal constitutional rights. Petitioner contends that his federal right to due process was violated by the improper application of California Penal Code § 12022.1, the bail violation enhancement statute, to his case. *See* Docket # 1-1 at 10. Giving the *pro se* petition the liberal construction to which it is entitled, the court cannot say that the claim is meritless.

### IV.  CONCLUSION

For the foregoing reasons,

1. The petition warrants a response.

2. The Clerk shall serve by mail a copy of this order, the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

3. Respondent must file and serve upon Petitioner, on or before **October 31, 2014**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

2

4.     If Petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on Respondent on or before **November 28, 2014**.

5.     Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

6.     Petitioner is cautioned that he must include the case name and case number for this case on the first page of any document he submits to the Court for consideration in this case.

IT IS SO ORDERED.

Dated:  August 28, 2014

_____
EDWARD M. CHEN
United States District Judge

3